E-FILED IN OFFICE - EF
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-06747-S4
9/13/2021 4:10 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Sonal Patel**

_____

_____

PLAINTIFF

CIVIL ACTION NUMBER: 21-C-06747-S4

VS.

Coca-Cola Bottling Company United, Inc.

**CT Corporation Systems**

289 S. Culver St., Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shaun Daugherty, Esq.
3644 Chamblee Tucker Road,
Suite F
Atlanta, Georgia 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **13TH** day of **SEPTEMBER**, 20**21**.

**TIANA P. GARNER**
~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT "A"

E-FILED IN OFFICE - EF
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-06747-S4
9/13/2021 4:10 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Sonal Patel**

PLAINTIFF

CIVIL ACTION NUMBER: 21-C-06747-S4

VS.

**The Kroger Company**
**CSC of Cobb County, Inc.**
192 Anderson St. SE., Suite 125, Marietta, GA 30060

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Shaun Daugherty, Esq.
3644 Chamblee Tucker Road,
Suite F
Atlanta, Georgia 30341

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **13TH** day of **SEPTEMBER**, 20**21**.

TIANA P. GARNER
~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By _[signature]_
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - EF
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-06747-S4
9/13/2021 4:10 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SONAL PATEL, | * |
| Plaintiff, | * |
| vs. | * CASE NO.: 21-C-06747-S4 |
| | * JURY TRIAL |
| THE KROGER COMPANY, COCA-COLA BOTTLING COMPANY UNITED, INC., and ABC CORPORATION, | * |
| Defendants. | |

### COMPLAINT FOR DAMAGES

**COMES NOW**, Sonal Patel (hereinafter "Plaintiff"), in the above-styled action, and files this, her Complaint for Damages against The Kroger Company, Coca-Cola Bottling Company United, Inc. and ABC Corporation. (hereinafter "Defendants"), as follows:

### PREAMBLE

This matter is being filed during the pendency of the COVID 19 pandemic and is subject to the judicial emergency orders issued by the Chief Justice of the Supreme Court of Georgia. The judicial emergency orders tolled all dates and deadlines for all matters until Tuesday, July 14, 2020, and a party would have the same amount of time to file their documents that they would have had remaining at the time of the original order of March 14, 2020. This matter is being filed timely.

1.

Plaintiff is a resident of the State of Georgia and consents to the jurisdiction and venue of this Court.

2.

Defendant The Kroger Company (hereinafter "Defendant Kroger") is a foreign for-profit corporation with a principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202, authorized to do business in the State of Georgia.

3.

Defendant Kroger is subject to the jurisdiction and venue of this Court.

4.

Service can be perfected upon Defendant Kroger by serving its registered agent, CSC of Cobb County, Inc., 192 Anderson Street, SE., Suite 125, Marietta, GA 30060.

5.

Defendant Coca-Cola Bottling Company United, Inc. (hereinafter "Defendant Coke") is a foreign for-profit corporation with a principal place of business at 4600 East Lake Boulevard, Alabama 35217.

6.

Defendant Coke is authorized to do business in this state and is subject to the jurisdiction and venue of this Court.

7.

Service can be perfected upon Defendant Coke by serving its registered agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046.

8.

ABC Corporation (hereinafter "Defendant ABC") is an entity whose identification is not yet known but includes those entities that may have any duty or responsibility for the ownership, maintenance, cleaning, inspection, and warnings on the premises where the accident occurred.

Once this entity is identified, an amendment to the complaint will be filed and the defendant will be served.

9.

XYZ Corporation (hereinafter "Defendant XYZ") is an entity whose identification is not yet known but includes those entities that employed or contracted with individuals responsible for delivery and stocking of defendant Coke products on the premises where the accident occurred. Once this entity is identified, an amendment to the complaint will be filed and the defendant will be served.

**FACTS OF THE CASE**

10.

On May 13 2019, Defendant Kroger was engaged in the ownership, management, and operation of the grocery store located at 5664 Jonesboro Rd, Lake City, GA 30260 (hereinafter "Premises").

11.

On May 13, 2019, Plaintiff was an invitee of the Premises to purchase products sold by Defendant Kroger.

12.

On May 13, 2019, there was a liquid substance on floor in and around aisle #16 which created a hazardous condition on the Premises (hereinafter the "hazardous condition").

13.

Upon information and belief, Plaintiff believes that the liquid substance on the floor was Sprite that had been delivered and displayed by Defendant Coke.

14.

While shopping, Plaintiff slipped and fell to the floor due to the hazardous condition found in the area (hereinafter "Incident").

15.

Defendant provided no warning of any hazardous condition to Plaintiff.

16.

Plaintiff suffered physical injury due to the near fall, including but not limited to her right shoulder, elbow, and right side.

17.

Plaintiff has since sought medical treatment for her injuries from the Incident and continues to experience pain and suffering related to her injuries.

## COUNT I – NEGLIGENCE OF DEFENDANTS

18.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 17, as if fully set forth herein.

19.

All Defendants owed a duty of care to Plaintiff to act reasonably in the inspection, operation, cleaning, warning and maintenance of the Premises.

20.

Defendants breached their duty to Plaintiff by:

a) Creating a hazardous condition;

b) Failing to properly inspect the Premises for hazardous conditions;

c) Allowing a hazardous condition to exist and remain on the Premises;

d) Failing to maintain a safe environment for its invitees;

e) Failing to warn Plaintiff of the hazardous condition; and

f) For other negligent acts and omissions which shall be discovered during the litigation and presented at trial.

21.

At all times relevant to the subject Incident, Plaintiff was without fault or negligence.

## COUNT II – RESPONDEAT SUPERIOR OF DEFENDANTS

22.

Plaintiff incorporates and realleges the assertions in allegations contained in paragraph 1 - 21, as if fully set forth herein.

23.

At the time of the subject Incident, Defendant Kroger and/or Defendant ABC's employees and agents working on the Premises were working within the course and scope of their employment.

24.

At the time of the subject Incident, Defendant Kroger and/or Defendant ABC's employees and agents were responsible for the inspection and maintenance of the Premises such that it should be clear of hazardous conditions.

25.

Defendant Kroger and/or Defendant ABC is responsible for the actions and/or inactions of its employees with respect to the subject Incident as a matter of law.

26.

At the time of the subject Incident, Defendant Coke's and/or Defendant XYZ's employees and agents working on the Premises were working within the course and scope of their employment.

27.

At the time of the subject Incident, Defendant Coke's and/or Defendant XYZ's employees and agents were responsible for the inspection, maintenance, cleaning and warnings on the Premises such that it should be clear of hazardous conditions that may have been created by them.

28.

Defendant Coke and/or Defendant XYZ is responsible for the actions and/or inactions of its employees with respect to the subject Incident as a matter of law.

### COUNT III - PREMISES LIABILITY DEFENDANT KROGER

29.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 28, as if fully set forth herein.

30.

Plaintiff was an invitee on the Premises at the time of the Incident.

31.

Defendant Kroger and/or Defendant ABC owed a nondelegable duty of reasonable care in keeping the Premises safe for invitees such as Plaintiff.

32.

Defendant Kroger and/or Defendant ABC, by and through their employees who were working within the course and scope of their employment at the time of the Incident, allowed a hazardous condition to exist.

33.

At all times relevant to the subject Incident, Defendant Kroger and/or Defendant ABC had superior knowledge of the hazardous condition which existed on Defendant Kroger's Premises.

34.

Defendant Kroger and/or Defendant ABC had actual or constructive knowledge of the existence of the hazardous condition and should have warned invitees to the hazardous condition.

35.

Defendant Kroger and/or Defendant ABC were negligent in failing to properly inspect, clean or maintain its Premises, in failing to remedy the presence of the hazardous condition, in failing to take adequate measures to protect invitees, and in failing to keep the Premises safe for invitees.

## COUNT IV - DAMAGES

36.

Plaintiff incorporates and realleges the assertions and allegations contained in paragraphs 1- 35, as if fully set forth herein.

37.

As a direct and proximate cause of the Defendants' negligence, Plaintiff has sustained severe ongoing physical injuries.

38.

As a direct and proximate cause of the Defendants' negligence, Plaintiff has incurred medical expenses which today total in excess of $235,000.00.

39.

As a direct and proximate result of the Defendants' negligence, Plaintiff may continue to incur future medical expenses for an indeterminate time into the future in the amount of at least $141,000.00.

40.

As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred, and continue to incur, pain and suffering, mental anguish, and emotional distress.

**WHEREFORE**, the Plaintiff prays:

1. That summons issue and that the Defendants be made party to this action as provided by law;

2. That this case be tried by a jury of 12;

3. That Plaintiff receives a judgment against Defendants for general damages including pain and suffering, mental anguish, and emotional distress, in such an amount as may be shown by the evidence and determined by the enlightened conscience of the jury;

4. That Plaintiff receives a judgment against Defendants for special damages incurred, including but not limited to, medical expenses and lost wages, in an amount to be shown at trial and determined by the enlightened conscience of the jury;

5. That Plaintiff be awarded all costs of litigation, including reasonable attorney's fees and expenses; and

6. That the Court order such other and further relief as necessary.

This 13th day of September 2021.

## Lowe Law Firm, P.C.

*/s/ Shaun Daugherty*
Shaun Daugherty
Shaun@lowelawatl.com
Georgia Bar Number: 205877
**Attorney for Plaintiffs**

3644 Chamblee Tucker Road, Suite F
Atlanta, GA 30341
Tel/Fax: (678) 258-9131